## Case No. 974.

### BARCLAY et al. v. HOLME.

[17 Betts, D. C. MS. 1.]

District Court, S. D. New York. Oct. 31, 1849.

CHARTER PARTY—ANTECEDENT VERBAL AGREEMENT.

[1. By the execution of a charter party, all antecedent verbal agreements inconsistent with its terms are waived, and the charter party becomes the only competent evidence of the contract between the parties.]

[2. By a charter party dated October 3, 1848, but not signed until October 23d or 24th, when bills of lading were signed and delivered by the master, it was stipulated that the charter should commence "when the vessel is ready to receive cargo at her place of loading, and notice thereof is given" to the charterers. The charterers brought action for damages by way of demurrage, alleging that respondent agreed when the charter party was entered into that the vessel should be ready to receive cargo on October 7th. The vessel was not ready to receive cargo until October 14th or 17th, the respondent having before the latter day given the charterers notice that the vessel was ready. Held, that the charter party was the only competent evidence of the contract between the parties, and that, as the charterers had failed to prove a breach thereof, they could not recover.]

[In admiralty. Libel by Delaney Barclay and Schuyler Livingston against John L. Holme to recover damages by way of demurrage. Libel dismissed.]

BETTS, District Judge. The respondent chartered the Norwegian brig Aural to the libellants for a voyage from New York to

———

[1] [Reported by Hon. William Cranch, Chief Judge.]

Madeira to carry a cargo of eight thousand bushels of Indian corn in bulk and pipe staves to fill up. The charter party is dated the third of October, 1848, but was not signed by the parties until the 23d or 24th, when the bills of lading were signed and delivered by the master. One of the stipulations in the charter was that "it shall commence when the vessel is ready to receive cargo at her place of loading, and notice thereof is given to the party of the second part, or their agent." This action is brought for damages by way of demurrage. The libellants allege that the respondent agreed, when the charter party was entered into, that the vessel should be ready to receive the cargo on the 7th of October, and that he advised and sent word to the libellants she would be so ready at that time, and requested the cargo might be delivered on board; that lighters were employed which transferred the corn to the vessel on the 9th of October, but the master refused to receive it, and did not allow it to be laden on board until the 14th of October, his vessel not being made ready to receive it prior to that day.

The bill also claimed damages for loss on exchange by the depreciation of the rate between the 7th and 23d of October, when bills of lading therefor were signed by the respondent, averring the bills on the 7th and 9th of October would in market have produced $.58 more than was obtained for them when drawn after the bills of lading were delivered. There is a diversity in the recollections of the witnesses as to the representations between the parties in regard to the time and manner the agreement was to be fulfilled by the defendant, I think the weight of evidence, admitting that Mr. Balchen was his authorized broker, is that the understanding on the part of the defendant, previous to drawing up the contract, was that the vessel should be ready to take in her cargo on the 7th of October, and if the decision of the case turned upon the bearing and effect of the oral evidence, I should determine this point for the libellants. It is, however, to be borne in mind that all the negotiations and treaties between the parties antecedent to closing the contract, by executing the charter party under consideration, proceeded upon the understanding that the agreement adopted by them was to be in writing. The written contract, therefore, upon the soundest principles of the law of evidence, must furnish the proof of the actual understanding upon which the parties closed their negotiations relative to all matters which are the subject of stipulation in it.

The charter party bears date the 3d of October, but it was not consummated by the signature of the libellants until the 23d. By executing it then, the libellants ratified its terms as the true contract upon which the vessel was obtained and loaded by them,

and they cannot be allowed to go back to antecedent propositions and understandings, and charge the respondent upon them, in contradiction to the terms of the charter party, which they so accepted. Accordingly, if the respondent originally engaged to have the vessel ready to receive cargo on the 7th of October, and was not in fact prepared to do so until the 14th, or even the 17th, before which last day it is proved he gave the libellants notice he was ready, and the libellants chose then to act under the contract and affix their signature to it, they must be held to have relinquished all propositions and understandings inconsistent with the stipulations of the charter, and to have accepted it according to its written terms. They thus bound themselves that the charter party should commence from the time they had notice the vessel was ready to receive cargo, and there is no pretence that the respondent did anything after that time violating his agreement. By receiving the charter party from the respondent on the 23d or 24th of October, and then signing it themselves, the libellants are precluded in law from setting up any anterior arrangements or understandings in respect to the bargain inconsistent with the written engagements. They cannot, therefore, maintain the action because the respondent failed to comply with his first proposals or promises, for they are not independent and outside of the charter party, but a stipulation is inserted covering that subject.

The remedy of the libellants, if any, would have been to reject the charter party as not fulfilling the agreement made between the parties, and then have recovered damages for the non-performance. No breach of the written agreement being proved, the libellants cannot maintain their action upon an alleged non-performance of an anterior agreement analogous to one in the charter party, but not included in terms in the written contract.

Libel dismissed.